**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 7 2015**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 10-37438 |
| Jared R. Bennett and<br>Wendy Bennett, | Chapter 7 |
| Debtors. | Adv. Pro. No. 14-3144 |
| | Hon. Mary Ann Whipple |
| Jared R. Bennett, | |
| Plaintiff, | |
| v. | |
| Morton Buildings, Inc., | |
| Defendant. | |

### MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO CONSOLIDATE

This adversary proceeding came before the court for hearing on Defendant's Motion to Consolidate [Doc. # 19], Plaintiff's objection [Doc. # 27], and Defendant's reply [Doc. # 32]. Counsel for Defendant appeared at the hearing in person. Plaintiff's counsel appeared by telephone. Defendant seeks an order consolidating this proceeding with *Morton Buildings, Inc. v. Jeffrey Dawson,* No. 15-3082, an adversary proceeding pending before Judge John P. Gustafson. For the following reasons and those stated on the record at the hearing, Defendant's motion will be denied.

## BACKGROUND

Plaintiff and his wife filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 3, 2010.[1] [Case No. 10-37438]. Defendant was not included as a creditor or party-in-interest on Plaintiff's bankruptcy schedules and, thus, did not receive formal notice of Plaintiff's bankruptcy case. After conversion of Plaintiff's bankruptcy case on August 7, 2012, to a case under Chapter 7, an Order of Discharge was entered on December 26, 2012. [*Id.*, Doc. #158]. The Clerk administratively closed the case on December 31, 2012.

On July 2, 2013, Defendant filed an action in the Common Pleas Court of Allen County, Ohio, alleging claims against Jeffrey and Janice Dawson. [Doc. # 14, Ex. A, Blair Aff. ¶ 10]. On November 13, 2013, Defendant filed a Second Amended Complaint ("State Court Complaint"), adding Plaintiff and Ellis Door & Window, Inc. as defendants. The allegations in Defendant's State Court Complaint are primarily focused on the conduct of Jeffrey Dawson ("Dawson"), a former employee of Defendant whose duties included selling commercial buildings and managing commercial projects. [*See* Doc. # 4, Ex. 1, ¶¶ 10, 22]. The State Court Complaint alleges, among other things, that Dawson: (1) entered into contracts with customers in which he falsely represented that Defendant would complete certain work in order to personally receive payment for the work; (2) entered into various contracts with subcontractors to perform work for Defendant on construction projects, billed customers and received payment for the work that was not authorized by Defendant, and received kickbacks from payments received by the subcontractors from customers; (3) violated the terms of his employment agreement and non-compete agreement with Defendant; and (4) that his employment was terminated on May 15, 2013. [Doc. # 4, Ex. 1, ¶¶ 9-38]. There is no dispute that Plaintiff, doing business as Elite Builders, is an approved subcontractor of Defendant. Specific factual allegations against Plaintiff include the following: (1) Plaintiff paid Dawson money "in participation and in furtherance of Dawson's fraud" and in interference with Defendant's Employment Agreement, [*Id.* at ¶¶ 39 & 111]; and (2) Dawson entered into unauthorized subcontracts with Plaintiff and others for work for Defendant and paid kickbacks to Dawson, [*Id.* at ¶¶ 56 & 58]. Based on these allegations, counts one through five allege claims of fraud, conversion, conspiracy, theft and unjust enrichment against all defendants in the state court action. [*Id.* at ¶¶ 44-77]. Counts six through nine allege claims against Dawson

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

for violating the non-compete agreement, misappropriating trade secrets, breach of duty of loyalty and tortious interference with prospective business relationships. [*Id.* at ¶¶ 78-107]. And count ten alleges a claim of tortious interference with business relationships against Plaintiff, Ellis Door and Windows, Inc., and others. [*Id.* at ¶¶ 108-117].

On November 18, 2014, Plaintiff commenced this adversary proceeding seeking a judgment finding Defendant in contempt for violating the discharge injunction and, thus, the Order of Discharge. Defendant filed counterclaims, seeking a determination that the claims alleged against Bennett in the State Court Complaint are nondischargeable under 11 U.S.C. § 523(a)(3), (a)(2) and (a)(6).

Dawson filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 13, 2015. [Case No. 15-32286]. On August 6, 2015, Defendant filed an adversary complaint against Dawson, seeking a determination that the claims asserted by it against Dawson in the State Court Complaint are nondischargeable under § 523(a)(2)(A) and (a)(6). [Adv. No. 15-3082].

## LAW AND ANALYSIS

Under Rule 42(a) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7042, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Whether such proceedings should be consolidated is a matter within the discretion of the court. *State Bank of Florence v. Miller (In re Miller)*, 459 B.R. 657, 670 (B.A.P. 6th Cir. 2011)(citing *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993)). A court making a decision to consolidate must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell,* 999 F.2d at 1011 (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985)).

Defendant argues that all of its dischargeability claims raised in the adversary proceedings against Plaintiff and Dawson arise out of the claims alleged in the State Court Complaint. It contends therefore that the proceedings should be consolidated in order to avoid duplication of effort and expense and the possibility of inconsistent outcomes.

The court finds that consolidation is not appropriate. Initially, the court notes that as Plaintiff argues,

3

Rule 42(a) applies to consolidation of proceedings "before the court." The term "court" is defined to mean "the judicial officer before whom a case or proceeding is pending." Fed. R. Bankr. P. 9001(4). The adversary proceedings Defendant seeks to consolidate are pending before two different judicial officers. No request to transfer the Dawson Chapter 7 case or either of the adversary proceedings to a single judicial officer has been made. In this context, consolidation does not even appear to be a procedural option, likely to avoid the possibility of different decisions as to the propriety of consolidation.

Even assuming the court can exercise its discretion to consolidate the Dawson proceeding pending before Judge Gustafson with this proceeding, the court finds the procedural postures of the cases do not lend themselves to such consolidation as it would likely result in an unnecessary delay in resolution of this case. This proceeding has been pending for over a year. Discovery is substantially complete and the court having ruled on Defendant's motion for summary judgment, the case is ready to proceed soon to trial. By contrast, Defendant did not commence the adversary against Dawson until August 6, 2015. No order has yet been entered setting discovery and dispositive motion deadlines due to this pending motion and a similar motion filed in the Dawson proceeding.[2]

There are also significant factual and legal issues that are not common to both adversary proceedings. In accordance with the court's ruling on Defendant's motion for summary judgment in this proceeding, there are factual issues for trial regarding whether Defendant's claims against Plaintiff are pre-conversion claims even subject to the discharge injunction. Dischargeability of Defendant's claims against Plaintiff are only an issue if they are subject to the discharge injunction. There is no question that Defendant's claims against Dawson are prepetition claims as Dawson's bankruptcy case was not filed until July 13, 2015, after his employment with Defendant had been terminated and the alleged bad acts had all occurred.

There is also a significant distinction in the roles Dawson and Plaintiff had with respect to Defendant's claims that result in a lack of commonality. Dawson's liability is predicated on his role as an employee of Defendant and his entering into unauthorized contracts with not only subcontractors but also customers. Plaintiff's liability is predicated on his role as one of the subcontractors with whom Defendant entered into certain of the alleged unauthorized contracts. Defendant's claims are thus predicated on different factual circumstances. Although Defendant argues that consolidation is necessary to prevent inconsistent outcomes, because of the different factual circumstances underlying Defendant's claims and the fact that the mental states of both Plaintiff and Dawson must be proved and evaluated separately, the

---

[2] Since the court's oral ruling in this adversary proceeding on Defendant's motion to consolidate, the court takes judicial notice that Judge Gustafson has granted Defendant's motion for relief from the automatic stay to proceed with the state court action against Dawson, yet another reason the two adversary proceedings should not be consolidated.

4

court does not find the risk of different outcomes in the two proceedings being inconsistent to be significant.

For all of these reasons and because the claims in this proceeding can be addressed effectively and more efficiently without consolidation, the court will deny Defendant's motion.

**THEREFORE,** for the foregoing reasons and those stated at the hearing, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Consolidate [Doc. # 19] be, and hereby is, **DENIED.**

###

5

14-03144-maw    Doc 40    FILED 12/07/15    ENTERED 12/07/15 16:35:25    Page 5 of 5