**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 28 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-37438 |
| | ) | |
| Jared R. Bennett and | ) | Chapter 7 |
| Wendy Bennett, | ) | |
| | ) | Adv. Pro. No. 14-3144 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Jaren R. Bennet, | ) | |
| | ) | |
| Plaintiff and Counterclaim | ) | |
| Defendant, | ) | |
| v. | ) | |
| | ) | |
| Morton Buildings, Inc., | ) | |
| | ) | |
| Defendant and Counterclaim | | |
| Plaintiff. | | |

### ORDER DENYING MOTION FOR RECONSIDERATION

This adversary proceeding is before the court on Defendant Morton Buildings, Inc.'s Motion for Reconsideration [Doc. # 36], asking the court to reconsider the its oral ruling on November 19, 2015, denying Defendant's Motion to Abstain, and Plaintiff's response [Doc. # 46].  The Motion for Reconsideration was filed before the court entered its  Memorandum of Decision and Order denying Defendant's Motion to Abstain.  [Doc. # 39].  Defendant's Motion for Reconsideration is brought under

Rule 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024.[1]  For the reasons that follow, Defendant's Motion will be denied.

## BACKGROUND

Defendant commenced a state court action on July 2, 2013, against Jeffrey Dawson, an employee of Defendant, and Dawson's wife.  On November 13, 2013, Defendant filed a Second Amended Complaint, adding Plaintiff, who is an approved subcontractor for Defendant.  On November 18, 2014, Plaintiff commenced this adversary proceeding seeking a judgment finding Defendant in contempt for violating the discharge injunction and, thus, the Order of Discharge entered in the underlying Chapter 7 case, by its continued prosecution of the state court action against Plaintiff.  Defendant filed counterclaims, seeking a determination that debts allegedly owed to it by Plaintiff are nondischargeable under 11 U.S.C. § 523(a)(3), (a)(2) and (a)(6).  The basis of Defendant's counterclaims are facts alleged in the state court complaint.

On July 13, 2015, Dawson filed a Chapter 7 bankruptcy petition, which is pending before the Honorable John Gustafson. [Case No. 15-32286].  Defendant filed an adversary complaint against Dawson, seeking a determination that a debt allegedly owed to it by Dawson is nondischargeable under § 523(a)(2)(A) and (a)(6). [Adv. No. 15-3082].  On October 28, 2015, before the hearing on its motion to abstain in this proceeding, Defendant filed a motion for relief from stay in Dawson's bankruptcy case. [Case No. 15-32286, Doc. # 26].  The motion was granted on November 30, 2015, modifying the stay to allow the state court litigation to proceed against Dawson and allowing final judgment regarding liability to be entered in the state court action. [*Id.*, Doc. # 37].

## DISCUSSION

### I.  Fed. R. Civ. P. 60(b)(5)

Rule 60(b)(5) provides in relevant part that a court may relieve a party from a final judgment or order if "applying it prospectively is no longer equitable."  "This '[r]ule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental.'"  *Northridge Church v. Charter Twp. of Plymouth,*

---

[1]  Although the court will address the Motion as filed, the court notes that Rule 60(b) applies to final orders.  An order denying a motion to abstain is not a final order.  *See, e.g. Mazanec v. North Judson-San Pierre School Corp.*, 763 F.2d 845, 847 (7th Cir. 1985); *Gentry v. Gentry*, 127 F.2d 1102 (Table), 1997 WL 664747, *1 (6th Cir. Oct. 23, 1997) (dismissing appeal as "[t]he order denying abstention was clearly interlocutory").

14-03144-maw    Doc 48    FILED 12/28/15    ENTERED 12/28/15 15:39:43    Page 2 of 5

647 F.3d 606, 613 (6th Cir. 2011) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)).

Initially, the court questions whether its order denying Defendant's motion to abstain is considered an order being applied "prospectively." *See Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (stating that "[t]he mere possibility that a judgment has some future effect does not mean that it is 'prospective' because '[v]irtually every court order causes at least some reverberations into the future, and has ... some prospective effect'" (citation omitted)). Nevertheless, assuming it is, in this case, the only factual circumstance that Defendant identifies as having changed since ruling on its motion to abstain is that its motion for relief from the automatic stay was granted by Judge Gustafson in Dawson's bankruptcy case, allowing it to resume proceedings in state court against Dawson.

The court notes that Defendant's ability to proceed against Dawson in state court was always the case during the first eight months that this adversary proceeding was pending here. During that time no motion to abstain had been filed. Although Dawson's July 13, 2015, bankruptcy filing and the resulting automatic stay changed that circumstance, Defendant has now been put back in the same position vis-a-vis Dawson as it was before July 13, 2015, with the granting of relief from stay in Dawson's case.

In any event, Defendant argues, as it did at the hearing on its motion to abstain and motion to consolidate,[2] that the court should grant its motion to abstain in order to avoid duplication of effort and expense in litigating its claims and to avoid the possibility of inconsistent outcomes. However, as this court previously determined, Defendant's claims against Dawson and Plaintiff are predicated on different factual circumstances. Dawson's liability is predicated on his role as an employee of Defendant and his entering into unauthorized contracts with not only subcontractors but also customers. Plaintiff's liability is predicated on his role as one of the subcontractors with whom Defendant entered into certain of the alleged unauthorized contracts. Although Defendant argues that abstention will prevent possible inconsistent outcomes, because of the different factual circumstances underlying Defendant's claims and the fact that the mental states of both Plaintiff and Dawson must be proved and evaluated separately, the court does not find the risk of different outcomes in the two proceedings being inconsistent to be significant.

There are also significant factual and legal issues that would not be decided in the state court action that must be determined in ruling on the parties' claims in this proceeding and that are solely bankruptcy

---

[2] Defendant also filed a motion to consolidate this adversary proceeding with Adv. Pro. No. 15-3082, an adversary proceeding pending before Judge Gustafson that it commenced against Dawson. [Doc. # 19]. This Motion for Reconsideration was filed before the court entered its Memorandum of Decision and Order denying the motion to consolidate. [Doc. # 40].

3

issues. In accordance with the court's ruling on Defendant's motion for summary judgment in this proceeding, there are factual issues for trial regarding whether any of Defendant's claims against Plaintiff are pre-conversion claims subject to the discharge injunction. Dischargeability of Defendant's claims against Plaintiff are only an issue if they are subject to the discharge injunction. By contrast, there is no question that Defendant's claims against Dawson are prepetition claims as Dawson's bankruptcy case was not filed until July 13, 2015, after his employment with Defendant had been terminated and the alleged bad acts had all occurred.

The court also finds that the procedural context in which the claims in this adversary proceeding are brought weighs heavily against abstention. Plaintiff has received a Chapter 7 discharge. Defendant contends that Plaintiff's claim that Defendant violated the discharge injunction by continuing to prosecute the state court action against it would not be affected by the court granting its motion to abstain. The court disagrees. According to Defendant, if Plaintiff is successful in defending against the claims asserted in the state court action, there would be no debt owed to it and, thus, no dischargeability determination need be made. While that may be true, by continuing to prosecute any pre-conversion claims against Plaintiff in state court, Defendant would be continuing to violate the discharge injunction, a situation it in essence is asking this court to condone by granting its motion to abstain. The court declines to do so.

## II. Fed. R. Civ. P. 60(b)(6)

Rule 60(b) also provides that a court may relieve a party from a final judgment or order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The provisions of Rule 60(b) are mutually exclusive. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Thus, relief for "any other reason" under Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002). As explained by the Sixth Circuit Court of Appeals, "[w]ere it otherwise, our decisions involving the first five clauses of Rule 60(b) . . . would lose much of their force, as a party who failed to meet the prerequisites for relief under one of these provisions could simply appeal to the 'catchall' of subsection (b)(6)." *Id.* at 596.

In this case, Defendant identifies no exceptional or extraordinary circumstance. It identifies only the the granting of the motion for relief from stay by Judge Gustafson in the Dawson bankruptcy case, which is neither an exceptional nor extraordinary circumstance and which is the basis of its motion to the extent brought under Rule 60(b)(5). The court finds it inappropriate to invoke Rule 60(b)(6) to grant relief

4

that is foreclosed under Rule 60(b)(5).  *See id.*

       **THEREFORE,** for the foregoing reasons, good cause appearing,

       **IT IS ORDERED** that Defendant's Motion for Reconsideration [Doc. # 36] be, and hereby is,

**DENIED.**

###